UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONTAE JOHAN DUNCAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>T, CISNEROS, et al.<br><br>　　　　Defendants. | No.  1:23-cv-01190-NODJ-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THE ACTION<br><br>(ECF No. 13) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint in this action was filed on August 3, 2023.  (ECF No. 1.)

On October 23, 2023, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint.  (ECF No. 11.)

Plaintiff failed to file an amended complaint or otherwise respond to the October 23, 2023 order.  Therefore, on December 5, 2023, the Court issued an order for Plaintiff to show cause why the action should not be dismissed.  (ECF No. 13.)  Plaintiff has failed to respond to the order to show cause and the time to do so has now passed.  Accordingly, dismissal of the action is warranted.

///

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

2

On or about June 17, 2021, when Plaintiff entered California Substance Abuse Treatment Facility (SATF) he was targeted by delegated facility officers. Plaintiff was denied access to courts, false Rules Violation Reports resulting in loss of good time credits were issued, physical assault and harassment took place by confidential informants and other inmates. Plaintiff lost all his legal property, religious property, and college books.

On or about August 26, 2021, Plaintiff encountered officer M. Pano on Facility D recreation yard while awaiting a ducat to access the mental healthcare facility. Officer Pano harassed Plaintiff and provoked his schizophrenia. Plaintiff invoked homicidal request and Pano activated the alarm. Plaintiff was escorted to D-yard watch office holding cage. Plaintiff was evaluated by Crisis Intervention Team (CIT) and interviewed. Plaintiff was cleared to return to his cell and John Doe lieutenant advised Pano not to generate a Rules Violation Report. Pano generated a RVR anyway and he was found guilty. Plaintiff filed an inmate grievance which was denied.

On or about September 1, 2021, Plaintiff walled for urine analysis and was unable to go so he asked for water permission. Officer Fagudo and another officer harassed Plaintiff at the water fountain even after Plaintiff told them he had permission to get water to aid the urine test.

On or about October 1, 2021, Plaintiff was involved in a fight and was to be placed in administrative segregation. Defendant Fagudo went to pack Plaintiff's property and all of Plaintiff's property was packed, except his legal books, religious books, and college books. Plaintiff told Fagudo about the property and he admitted he saw the property but thought it belonged to his cellmate. Fagudo said he would go get the property but failed to do so.

Between June 17, 2021 and October 1, 2021, Plaintiff was placed in a holding cage for mental health reasons. Officer M. Felix went to the room while Plaintiff's CD player, headphones and cloths were out on the top cage and began to yell at Plaintiff to remove the items from the top cage. Felix yanked the CD player which got caught in the cage and yelled for Plaintiff to untie it. Plaintiff's headphones broke from being stuck in the cage. Plaintiff filed an inmate grievance which was denied.

On or about October 1, 2021, Plaintiff is moved to another yard and his religious kosher

1 meals were targeted.

2 On or about October 7, 2021, while Plaintiff was assigned to the vocational electronics career tech class, officers Perez and Rodriguez refused clothing permission and harassed Plaintiff. They stole Plaintiff's religious books and several other personal items.

On or about October 25, 2021, the vocational work officer refused to let Plaintiff go to class because he did not have work boots. Other inmates were allowed regular shoes, not to mention floor officers Perez and Rodriguez refused laundry for electronics class.

On or about November 1, 2021, Plaintiff was assaulted by an known confidential informant and sent to administrative segregation for enemy concerns.

On or about November 30, 2021 until September 1, 2022, Plaintiff was released from administrative segregation and three weeks later he was scheduled for a visit. When Plaintiff was going to the visit, an unknown floor officer and sergeant said to go back way in handcuffs while all the other inmates were going the front way. The sergeant pepper sprayed Plaintiff and when he walked out to the yard he was thrown to the ground and put on a gurney then sent back to administrative segregation. Plaintiff was charged with battery on an officer which was referred for criminal charges to the District Attorney. While Plaintiff was in administrative segregation, he was subject to retaliation which included denial of religious meals, denial of property packages, stolen family photographs, and withholding of canteen privileges.

Officer Clausen went to Plaintiff's cell to collect property for his transfer to Lancaster State prison. Plaintiff had two pending security housing unit terms and two pending District Attorney referrals. Lancaster does not have a security housing unit program. Out of paranoia, Plaintiff pulled out a knife and refused to hand over his property to officer Clausen.

### III.

### DISCUSSION

**A.     Linkage Requirement Under Section 1983**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006);

4

1    Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  "Section 1983 is not itself a source of
2    substantive rights, but merely provides a method for vindicating federal rights elsewhere
3    conferred."  Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012)
4    (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted).  To
5    state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal
6    connection, between each defendant's actions or omissions and a violation of his federal rights.
7    Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v.
8    Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

9    Plaintiff names several prison official as Defendants in the caption of the complaint, but
10   he fails to link them to any affirmative act or omission giving rise to an alleged constitutional
11   violation.

**B.    Access to Courts**

13   Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey,
14   518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v.
15   Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must
16   show that he suffered an actual injury, which requires "actual prejudice to contemplated or
17   existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing
18   Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S.
19   403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

20   In either instance, "the injury requirement is not satisfied by just any type of frustrated
21   legal claim." Lewis, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to
22   transform themselves into litigating engines capable of filing everything from shareholder
23   derivative actions to slip-and-fall claims." Id. at 355. Rather, the type of legal claim protected is
24   limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought
25   under section 1983 to vindicate basic constitutional rights. Id. at 354. (quotation and citations
26   omitted). "Impairment of any other litigating capacity is simply one of the incidental (and
27   perfectly constitutional) consequences of conviction and incarceration." Id. at 355. (emphasis in
28   original).

Moreover, when a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Phillips, 477 F.3d at 1076 (citing Christopher, 536 U.S. at 413–14, overruled on other grounds, Hust v. Phillips, 555 U.S. 1150 (2009) ). In addition, the Constitutional right of access to the courts is only a right to bring complaints to the federal court and not a right to discover such claims or to litigate them effectively once filed with a court. Lewis, 518 U.S. at 354–55.

Plaintiff contends that he was denied access to the court. However, Plaintiff has failed to demonstrate actual injury in the ability to file a nonfrivolous claim or that any named Defendant frustrated such litigation efforts. Accordingly, Plaintiff fails to state a cognizable claim for denial of access to the court.

### C.  False Rules Violation Reports

Plaintiff claims false allegations and disciplinary reports were filed against him. This allegation, even if true, does not raise a constitutional claim because there is no due process right to be free from false charges. The falsification of a disciplinary report does not state a standalone constitutional claim. Canovas v. California Dept. of Corrections, 2:14-cv-2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. 2014); see, e.g., Lee v. Whitten, 2:12-cv-2104 GEB KJN P, 2012 WL 4468420, *4 (E.D. Cal. 2012). There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue. The Constitution demands due process, not error-free decision-making." Jones v. Woodward, 1:14-cv-2084-SAB (PC), 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)). Therefore, Plaintiff fails to state a due process claim for false disciplinary action against him.

Further, "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citations and internal quotation marks omitted). In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. This "favorable termination rule" preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of confinement or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. Muhammad v. Close, 540 U.S. 749, 750-751 (2004). Accordingly, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82.

While claims challenging the conditions of an inmate's confinement are cognizable under Section 1983, an inmate's challenges to the fact or duration of confinement, which seek a speedier release from custody, sound only in habeas. Heck, 512 U.S. 477; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (A "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' " (citation omitted)). Under the "favorable termination doctrine," the district court must dismiss a state prisoner's Section 1983 claim for damages if "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 486-87.duration of time to be served; Nonnette v. Small, 316 F.3d 872, 875 (9th Cir. 2002), cert. denied, 540 U.S. 1218 (2004), and if the restoration of those credits "necessarily" would "affect the duration of time to be served." Muhammed v. Close, 540 U.S. 749, 754 (2004) (per curiam); see also Nettles v. Grounds, 830 F.3d 922, 929 n.4 (9th Cir. 2016) (en banc) ("Heck applies only to administrative determinations that 'necessarily' have an effect on 'the duration of time to be

1   served[,]' " (citations omitted).

2   Here, Plaintiff challenges a guilty finding of a Rules Violation Report that resulted in the
loss of good time credits.  Because reversal of the rules violation report finding would necessarily result in a restoration of good time credits, it would also necessary affect the duration of Plaintiff's confinement. Therefore, it is not cognizable in a section 1983 action.

### D.   Destruction/Confiscation of Property

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. at 533; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

Plaintiff's claim that certain items of his personal property were improperly confiscated and/or destroyed fails to give rise to a cognizable claim for relief.  Plaintiff's claim reflects a random and unauthorized deprivation of property, which is not cognizable under section 1983. Plaintiff's property claim may be actionable under state law, but such a claim must be brought in state court rather than in federal court. Indeed, Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-895).  Accordingly, Plaintiff fails to state a cognizable due process claim.

///

8

### E. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Although Plaintiff contends that certain property and/or privileges were destroyed and/or denied, Plaintiff has failed to demonstrate that any Defendant took action because he was exercising a constitutional right. Accordingly, Plaintiff has failed to state a cognizable retaliation claim.

### F. Denial of Kosher Meals

A plaintiff asserting a free exercise claim must show that the defendant's actions substantially burden his practice of religion. See Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015). "A substantial burden ... place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." Id. (internal quotation marks and citations omitted). "[A] prison policy that intentionally puts significant pressure on inmates ... to abandon their religious beliefs ... imposes a substantial burden on [the inmate's] religious practice." Shakur v. Schriro, 514 F.3d 878, 889 (9th Cir. 2008) (internal quotation marks and citation omitted). However, the court has also recognized that limitations on a prisoner's free exercise rights arise from both the fact of incarceration and valid penological objectives. See McElyea v. Babbit, 833 F.2d 196, 197 (9th Cir. 1987). For instance, under the First Amendment, the penological interest in a simplified food service has been held sufficient to allow a prison to provide orthodox Jewish inmates with a pork-free diet instead of a completely kosher diet. See Ward v. Walsh, 1 F.3d 873, 877-79 (9th Cir. 1993).

Courts have held that, where a plaintiff establishes that his need for a Kosher diet is a

sincerely held religious belief, denial of the diet is a substantial burden to his religious practice. See Shakur, 514 F.3d at 885 (finding that prison's failure to provide kosher meals to Muslim prisoner violated the Free Exercise clause); White v. Linderman, No. 11-cv-8152, 2013 WL 4496364, at *6 (D. Ariz. Aug. 22, 2013). Prisoners have a right to be provided with food sufficient to sustain them in good health and which satisfies the dietary laws of their religion. See McElyea v. Babbit, 833 F.2d at 198.

To state a claim under the Free Exercise Clause, an inmate must plausibly allege that a prison official's actions (a) "substantially burden[ed]" the inmate's exercise of a sincerely-held religious belief; and (b) did so in an unreasonable manner—i.e., the official's actions were not "rationally related to legitimate penological interests." See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348-50 (1987); Jones v. Williams, 791 F.3d 1023, 1031, 1033 (9th Cir. 2015); see Haynes v. Orel, No. 2:19-CV-1988 AC, 2021 WL 4355431, at *2 (E.D. Cal. Sept. 24, 2021).

Plaintiff fails to set forth sufficient facts to support his free exercise of religion claim. Plaintiff merely contends that while in administrative segregation he was subjected to retaliation which included denial of religious meals. Plaintiff does not allege that he was induced to consume foods that violated his sincerely held religious beliefs. Plaintiff does not plead facts plausibly showing that any non-program foods were violative by Plaintiff's sincerely held religious beliefs. Plaintiff has also not alleged facts that the denial of the Kosher diet substantially pressures him to violate or abandon his religious beliefs. Plaintiff has further failed to allege facts establishing that the Defendants substantially burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith. Plaintiff has not plausibly alleged how Defendants have placed a substantial burden on his religious exercise, and how, if at all, the conduct alleged "prevented him from fulfilling the commandments" of his religion. At most, the factual allegations allege that he was denied certain Kosher meals. Accordingly, Plaintiff fails to state a cognizable claim for relief.

### G.  Conditions of Confinement

Plaintiff's placement in administrative segregation does not provide a basis for relief on Eighth Amendment grounds. Administrative segregation is not categorically prohibited by the

Eighth Amendment, and the complaint lacks factual allegations describing any particular conditions of plaintiff's confinement in ad seg that deprived him "of the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). An alternative due process claim is also unavailable on the facts alleged in the petition. The placement of an inmate in administrative segregation in and of itself does not implicate a protected liberty interest. Sandin v. Conner, 515 U.S. 472, 486 (1995); Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003). Plaintiff has not shown that his administrative segregation placement was any different than that of others similarly situated, that the length and degree of it was out of the ordinary, or that the placement affected the duration of his sentence. See Serrano, 345 F.3d at 1078 (listing factors considered when determining if prison hardship is atypical and significant).

### H.  Conspiracy

Conspiracy under § 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (internal quotation marks omitted) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989)), and that an " 'actual deprivation of his constitutional rights resulted from the alleged conspiracy,' " Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989)). " 'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.' " Franklin, 312 F.3d at 441 (quoting United Steelworkers, 865 F.2d at 1541). A plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate the plaintiff's constitutional rights. Miller v. Cal. Dep't of Soc. Servs., 355 F.3d 1172, 1177 n.3 (9th Cir. 2004) (citing Woodrum, 866 F.2d at 1126). The mere statement that defendants "conspired" is not sufficient to state a claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

The Ninth Circuit requires a plaintiff alleging a conspiracy to violate civil rights to "state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotation marks omitted)

(discussing conspiracy claim under § 1985); Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989) ("To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." (citation omitted)).

Plaintiff's allegations of conspiracy under § 1983 fail to state a claim because his allegations are conclusory and merely speculative. Though Plaintiff alleges Defendants engaged in a "campaign" of harassment and retaliation, he does not provide any specific facts that show that any of the Defendants had an agreement to violate his constitutional rights. There is absolutely no indication of any agreement between any of the Defendants. Therefore, Plaintiff fails to state a claim for conspiracy.

### I. Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832 (1994); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference ..." Labatad v. Corrs. Corp. of Amer., 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Gibson v. Cty. of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)).

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34; Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at

1    834, 841; Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040. Mere negligent failure to protect an

2    inmate from harm is not actionable under § 1983. Farmer, 511 U.S. at 835 (explaining "deliberate

3    indifference entails something more than mere negligence").

4          Here, although Plaintiff claims that he was physically attacked by a known confidential

5    informant, he fails to demonstrate or allege that any Defendant knew of substantial risk of serious

6    harm to Plaintiff and failed to protect him. Accordingly, Plaintiff fails to state a cognizable claim.

## IV.

### FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

9          Here, the Court screened Plaintiff's complaint, and on October 23, 2023, an order issued

10   providing Plaintiff with the legal standards that applied to his claims, advising him of the

11   deficiencies that needed to be corrected, and granting him leave to file an amended complaint

12   within thirty days. (ECF No. 11.) Plaintiff did not file an amended complaint or otherwise respond

13   to the Court's October 23, 2023 order. Therefore, on December 5, 2023, the Court ordered

14   Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF

15   No. 13.) Plaintiff failed to respond to the December 5, 2023 order and the time to do so has passed.

16         Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules

17   or with any order of the Court may be grounds for imposition by the Court of any and all sanctions

18   . . . within the inherent power of the Court." The Court has the inherent power to control its docket

19   and may, in the exercise of that power, impose sanctions where appropriate, including dismissal

20   of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

21         A court may dismiss an action based on a party's failure to prosecute an action, failure to

22   obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52,

23   53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d

24   1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended

25   complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply

26   with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United

27   States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court

28   order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of

1 prosecution and failure to comply with local rules).

2 "In determining whether to dismiss an action for lack of prosecution, the district court is
3 required to consider several factors: '(1) the public's interest in expeditious resolution of litigation;
4 (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
5 policy favoring disposition of cases on their merits; and (5) the availability of less drastic
6 sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide
7 a court in deciding what to do, and are not conditions that must be met in order for a court to take
8 action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th
9 Cir. 2006) (citation omitted).

10 In this instance, the public's interest in expeditious resolution of the litigation and the
11 Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA)
12 Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint
13 within thirty days of October 23, 2023 and has not done so. Plaintiff's failure to comply with the
14 order of the Court by filing an amended complaint hinders the Court's ability to move this action
15 towards disposition. This action can proceed no further without Plaintiff's compliance with the
16 order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this
17 action.

18 Since it appears that Plaintiff does not intend to litigate this action diligently there arises a
19 rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447,
20 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

21 The public policy in favor of deciding cases on their merits is greatly outweighed by the
22 factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order
23 for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies
24 in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended
25 complaint or respond to the order to show cause and this action cannot simply remain idle on the
26 Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's
27 failure to comply with the Court's orders.

28 Finally, a court's warning to a party that their failure to obey the court's order will result

1  in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262;
2  Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's October 23, 2023, order
3  requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an
4  amended complaint in compliance with this order, the Court will recommend to a district judge
5  that this action be dismissed consistent with the reasons stated in this order." (ECF No. 11.) In
6  addition, the Court's December 5, 2023, order to show cause specifically stated: "Plaintiff's failure
7  to comply with this order will result in a recommendation to dismiss the action for the reasons
8  stated above." (ECF No. 13.) Thus, Plaintiff had adequate warning that dismissal would result
9  from her noncompliance with the Court's order.

## V.

## ORDER AND RECOMMENDATION

The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended complaint within thirty days. Plaintiff has failed to comply with the Court's order to file an amended and has not responded to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to obey the October 23, 2023 and December 5, 2023 orders, failure to prosecute this action, and failure to state a cognizable claim for relief.

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim for relief.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights

1 | on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan,
2 | 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 2, 2024**

UNITED STATES MAGISTRATE JUDGE